STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG

_____

| | | |
|---|---|---|
| ARLEE WALLACE | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| v. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| SCHINDLER ELEVATOR CORPORATION and the CITY of CHARLOTTE | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Plaintiff ARLEE WALLACE, complaining of and about SCHINDLER ELEVATOR CORPORATION and the CITY of CHARLOTTE hereinafter called "Defendants," who allege and say as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff, Arlee Wallace, is a resident of Crittenden County, Arkansas.

2. Defendant, Schindler Elevator Corporation, is a foreign, for-profit business incorporated in New Jersey, doing business in North Carolina. Defendant can be served with process via their registered agent, CT Corporation System, located at 1200 S. Pine Island Road, Plantation, Florida 33324.

3. Defendant, City of Charlotte, is a city located in Charlotte, North Carolina. The City of Charlotte, according to North Carolina Civil Procedure Rule 4, can be served with process

1

Electronically Filed Date: 2/21/2025 5:27 PM Mecklenburg County Clerk of Superior Court
Case 3:25-cv-00556-MOC-SCR    Document 1-2    Filed 07/29/25    Page 1 of 7

EXHIBIT A

by mailing a copy of the summons and of the complaint to its mayor, city manager, or clerk. Service may be addressed to Vi Lyles, Mayor of the City of Charlotte, to City of Charlotte Charlotte-Mecklenburg Government Center, 600 East 4th Street, Charlotte, North Carolina 28202, and sent by registered or certified mail, return receipt requested.

4. At all times material to this lawsuit, and to the filing of this lawsuit, all or a substantial part of the events or omissions giving rise to this claim occurred in Mecklenburg County, therefore venue properly lies in Mecklenburg County, North Carolina.

5. Plaintiff is seeking damages in excess of twenty-five thousand dollars ($25,000); therefore, jurisdiction lies properly in this Court.

## FACTUAL ALLEGATIONS

6. On or about March 3, 2022, Plaintiff, Arlee Wallace, was a patron of Charlotte Douglas International Airport, owned and operated by Defendant City of Charlotte, on a moving walkway, manufactured and serviced by Defendant Schindler Elevator Corporation.

7. Plaintiff was standing still on said moving walkway when that walkway made a sudden jerking motion, throwing Plaintiff onto the moving floor.

8. The impact from the fall caused Plaintiff to briefly lose consciousness and become further injured by the walkway's continued automatic motion, following her fall.

9. The impact and fall caused Plaintiff injuries to her left arm and left shoulder, and Plaintiff was taken from the scene of the incident by ambulance to a nearby emergency room.

10. The failures of Defendant Schindler Elevator Corporation, as the manufacturers and servicers, and/or Defendant City of Charlotte, as the owners and operators of the premises, to regularly maintain and inspect their moving walkway, to ensure the proper functioning of said equipment, and to sufficiently warn lawful visitors like Plaintiff of any reasonably

2

foreseeable hidden or non-obvious dangers proximately caused the unfortunate situation in which Plaintiff was injured.

## CLAIM FOR NEGLIGENCE AGAINST SCHINDLER ELEVATOR CORPORATION

11. Plaintiff incorporates by reference paragraphs 6-10 of this complaint as is fully set out herein.

12. At all times relevant to the occurrence in question, Defendant Schindler Elevator Corporation, was the manufacturer of the moving walkway on which Plaintiff was injured.

13. Defendant is also the servicer of the moving walkway in question, and as such, retains the ability to manage, control, and maintain the proper functioning of the aforementioned moving walkway.

14. Therefore, Defendant Schindler Elevator Corporation, owed certain duties to Plaintiff and Defendant Schindler Elevator Corporation breached those duties to Plaintiff and was negligent in one or more of the following ways:

    a. Failing to design a safe and non-injurious product;

    b. Failing to provide timely maintenance of their product;

    c. Failing to properly inspect their product; and

    d. Failing to ensure the proper functioning of their product

15. Defendant Schindler Elevator Corporation breached these duties without legal excuse and is therefore liable for the ensuing injuries to Plaintiff.

## CLAIM FOR PRODUCTS LIABILITY AGAINST SCHINDLER ELEVATOR CORPORATION

16. Plaintiff incorporates by reference paragraphs 6-15 of this complaint as is fully set out herein.

3

17. Plaintiff was putting to ordinary use Defendant Schindler Elevator Corporation's product, a moving walkway, at Charlotte Douglas International Airport when that walkway malfunctioned and jerked suddenly to a stop.

18. Under North Carolina law, a product defect may be inferred from evidence of a product's malfunction, when there is evidence that the product has been put to its ordinary use.

19. Defendant Schindler Elevator Corporation, as the manufacturer and servicer of the moving walkway that caused Plaintiff's injury, maintained control over the product in question, including at the time of Plaintiff's injuries.

20. Therefore, the moving walkway was defective at the time it left the control of the Defendant Schindler Elevator Corporation

21. Defendant Schindler Elevator Corporation, as the manufacturer of the moving walkway in question, also had a duty to use reasonable care throughout the manufacturing process, including making sure that their product is free of any potential defects.

22. The clear malfunction of the moving walkway establishes Defendant Schindler Elevator Corporation's breach of that duty, which was the proximate cause of Plaintiff's severe injuries.

## **CLAIM FOR NEGLIGENCE AGAINST THE CITY OF CHARLOTTE**

23. Plaintiff incorporates by reference paragraphs 6-22 of this complaint as is fully set out herein.

24. The operation of airports has been deemed a proprietary function by the North Carolina Supreme Court, therefore, government immunity does not apply to shield the City of Charlotte, the operators of Charlotte Douglas International Airport, in this case.

25. The general rule in North Carolina regarding artificial conditions on the proprietor's premises imposes duties upon those proprietors to exercise reasonable care in the maintenance of their premises, and to give adequate warning to all lawful visitors of any latent dangers of which the proprietors were aware or should have been aware.

26. Plaintiff was a lawful visitor of Charlotte Douglas International Airport; thus, the previously stated duties are imposed upon Defendant City of Charlotte.

27. The moving sidewalk made basis of this suit was improperly maintained, triggering the sidewalk's malfunction, and causing Plaintiff's injuries.

28. Defendant City of Charlotte either was aware of the latent danger or should have been aware of the danger through reasonable regular inspection and maintenance of its equipment, and thus provided sufficient warning of said danger.

29. Therefore, Defendant City of Charlotte breached their duties to reasonably maintain their premises for, or give adequate warning to, lawful visitors of Charlotte Douglas International Airport, proximately causing Plaintiff's severe injuries.

## CLAIM FOR RES IPSA LOQUITUR AGAINST SCHINDLER ELEVATOR CORPORATION

30. Plaintiff incorporates by reference paragraphs 6-29 of this complaint as is fully set out herein, and pleads the following additionally, and in the alternative, preserving all previously asserted rights and claims.

31. Plaintiff was injured by the malfunction of Defendant Schindler Elevator Corporation's moving walkway while she was putting it to its ordinary use at Charlotte Douglas International Airport.

5

32. Direct proof of the exact cause of the malfunction is unavailable, but malfunctions such as these, and the injuries caused to Plaintiff do not ordinarily occur without the presence of some negligent act or omission.

33. Defendant Schindler Elevator Corporation was the manufacturer and servicer of the moving walkway in question, establishing their control over the instrumentality involved in the accident.

34. Under the doctrine of res ipsa loquitur, these facts establish that Defendant Schindler Elevator Corporation, as the party with control over the object that negligently caused Plaintiff's harm, is therefore liable for the injuries to Plaintiff

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully prays this Court grant the following relief:

1. That the Plaintiff, Arlee Wallace, have and recover of the Defendants, Schindler Elevator Corporation and the City of Charlotte, damages in excess of twenty-five thousand dollars ($25,000.00) for the severe injuries incurred by them.

2. That the cost of this action be taxed against Defendants.

3. For such other and further relief to which Plaintiff may be entitled, and which this Court deems just and proper.

6

This the 21st day of February 2025.

**THE PAYNE FIRM, P.C.**
*Attorney for Plaintiff*

By: /s/ *Christina M. Mason*
Christina M. Mason
North Carolina State Bar No. 60992
112 South Tryon Street Ste. 1560
Charlotte, NC 28202
704-529-9000 Telephone
704-900-6021 Facsimile

7