STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE

COUNTY OF MECKLENBURG     SUPERIOR COURT DIVISION

24 CV 009862-590

ARLEE WALLACE,     ANSWER

JURY TRIAL DEMANDED

PLAINTIFF

V.

SCHINDLER ELEVATOR AND THE CITY OF CHARLOTTE,

DEFENDANTS

---

Now comes the Defendant City of Charlotte, answering the allegations in the Plaintiff's Complaint alleges and says:

FIRST DEFENSE

1. The allegations contained in paragraph 1 of the Plaintiff's Complaint are admitted upon information and belief.

2. The allegations contained in paragraph 2 of the Plaintiff's Complaint are admitted upon information.

3. The allegations contained in paragraph 3 of the Plaintiff's Complaint are admitted.

**EXHIBIT F**

4. The allegations contained in paragraph 4 of the Plaintiff's Complaint are admitted.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are admitted.

6. The Defendant does not have sufficient knowledge or information to form a belief as the truth or falsity of the allegations contained in paragraph 6 of the Plaintiff's Complaint and they are accordingly denied.

7. The Defendant does not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Plaintiff's Complaint and they are accordingly denied.

8. The Defendant does not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Plaintiff's Complaint and they are accordingly denied.

9. The Defendant does not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Plaintiff's Complaint and they are accordingly denied.

10. The allegations contained in paragraph 10 of the Plaintiff's Complaint are denied.

11. The Defendant incorporates by reference the responses to paragraphs 1 through 10 of the Plaintiff's Complaint as if they were fully set forth herein.

12. The Defendant does not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Plaintiff's Complaint and they are accordingly denied.

13. The allegations contained in paragraph 13 of the Plaintiff's Complaint are admitted.

14. The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied.

15. The allegations contained in paragraph 15 of the Plaintiff's Complaint are denied.

16. The Defendant incorporates by reference the responses to paragraphs 1 through 15 of the Plaintiff's Complaint as if they were fully set forth herein.

17. The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied.

18. The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied.

19. The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied.

20. The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied.

21. The allegations contained in paragraph 21 of the Plaintiff's Complaint are admitted.

22. The allegations contained in paragraph 22 of the Plaintiff's Complaint are denied.

23. The Defendant incorporates by reference the responses to paragraphs 1 through 22 of the Plaintiff's Complaint as if they were fully set forth herein.

24. Answering the allegations contained in Paragraph 24 of the Plaintiff's Complaint it is admitted the City's operation of Charlotte Douglas International Airport (CLT) is a proprietary function of the City of Charlotte. Proprietary functions by municipalities are not protected by governmental immunity. Except as admitted the allegations of paragraph are denied.

25. Answering the allegations contained in Paragraph 25 of the Plaintiff's Complaint, it is admitted the City owes a common law duty to the Plaintiff to use ordinary care maintain the property in a reasonable safe condition and to warn the Plaintiff of any dangerous conditions which might be revealed by exercise of reasonable care. The Defendant does not own a duty to warn any hazard, which is obvious. Except as admitted the allegations contained in Paragraph 25 of the Plaintiff's Complaint are denied.

26. The Defendant does not have sufficient knowledge of information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Plaintiff's Complaint are accordingly denied.

27. The allegations contained in paragraph 27 of the Plaintiff's Complaint are denied.

28. The allegations contained in paragraph 28 of the Plaintiff's Complaint are denied.

29. The allegations contained in paragraph 29 of the Plaintiff's Complaint are denied.

30. The Defendant incorporates the responses contained in paragraph 1 through 29 of the Plaintiff as they were fully set forth herein.

31. The allegations contained in paragraph 31 of the Plaintiff's Complaint are denied.

32. The allegations contained in paragraph 32 of the Plaintiff's Complaint are denied.

33. The Defendant does not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Plaintiff's Complaint and they are accordingly denied.

34. The Defendant does not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Plaintiff's Complaint and they accordingly denied.

## SECOND DEFENSE

35. If the Defendant was negligent on the occasion in question, which is again denied, the Defendant alleges the Plaintiff was also negligent and such negligence contributed to her own injuries or damages. As a result, her contributory negligence bars her claim against the Defendant as a matter of law.

36. The Plaintiff was contributorily negligent in that:

    a. She failed to keep a proper look out.
    b. She failed to exercise due care for the existence of food which was visible on the floor of the B concourse.

## THIRD DEFENSE

37. The Defendant, City, was not negligent. Any injury or damage to the Plaintiff was caused by negligence of a third party.

## FOURTH DEFENSE

38. If the Defendant City was negligent, which is again, denied the City alleges the negligence of a Third Party intervened and insulated the City from any liability.

## FIFTH DEFENSE

39. The Plaintiff alleges in her Complaint the injury she alleges to have sustain occurred on March 3, 2022. The summons in this matter was first issued on March 6, 2025. The Plaintiff's claim is barred by the operation of the Statute of Limitations NCGS 1-51 et seq.

THE DEFENDANT CITY OF CHARLOTTE HAVING FULLY ANSWERED THE COMPLAINT OF THE PLAINTIFF AND DEMANDS JUDGEMENT AS FOLLOW:

1. The Plaintiff have and recover nothing of the City of Charlotte and the Plaintiff's claim be dismissed.
2. The cost of this action, including a reasonable attorney's fee be taxed against the Plaintiff.
3. All issues of fact be tried by the jury.
4. For such other further and different relief the Court may deem just and proper.

This is the 15th day of April 2025.

                                                       S/Robert D. McDonnell
                                                       Robert D McDonnell
                                                       Attorney at Law NC Bar # 5035
                                                       1225 Biltmore Drive
                                                       Charlotte NC 28207
                                                       704 906 3628
                                                       robert@rdmcdonnelllaw.com

## Certificate of Service

This to certify the undersigned this day served this ANSWER properly addressed to the attorney for the Plaintiff via electronic mail. The undersigned further certifies copy of the Answer was deposited with sufficient postage in the US Mail addressed to the attorney for the Plaintiff as follows:

        Christina M. Mason
        The Payne Firm, P.C.
        112 South Tryon Street, Suite 1560
        Charlotte, NC 28202
        cmason@paynelawfirm.com

This 15th day of April, 2025

        <u>s/Robert D. McDonnell</u>
        Robert McDonnell
        Attorney for the Defendants
        1225 Biltmore Drive
        Charlotte NC 28207
        robert@rdmecdonnelllaw.com
        NC BAR 5035