| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION |
| | 25 CV 009862-590 |

ARLEE WALLACE

    PLAINTIFF,                                      MOTION TO DISMISS

Vs.

SCHINDLER ELEVATOR CORPORATION

AND THE CITY OF CHARLOTTE

DEFENDANTS

Now come the Defendant City of Charlotte, by and through counsel, Robert D. McDonnell, and respectfully moves the Court pursuant to NCGS 1A-1, Rule 3, 4, 12b4,5,6 and NCGS 1-52 (5) to dismiss with prejudice the Plaintiff's complaint against the Defendant City of Charlotte. In support of the City shows the Court:

1. The Plaintiff alleges she was injured on March 3, 2022, on a moving walkway located in the premises of Charlotte Douglas International Airport, a facility owned by the Defendant City of Charlotte.

2. The Plaintiff further alleges the moving walkway was manufactured and at the time of the incident was serviced by the defendant, Schindler.

3. The Plaintiff's Complaint was electronically filed on February 21, 2025, at 5:27 P.M. in the Mecklenburg County Superior Court. A summons was not issued at the time of the filing of the Complaint.

**EXHIBIT G**

4. On March 6, 2025, a summons was issued at 8:07:02 A.M. under the signature of Brittany Farris, Deputy Clerk of Superior Court. Rule 3 requires the summons to be served in accordance with Rule 4.

5. NCGS Rule 4 requires upon the filing of a complaint, a summons shall be issued forthwith, and in any event within five days. Having been issued on March 6, 2025, the issuance of the summons did not comply with Rule 4(a) *Selp v.Post, 144 N.C. App. 606.607 (2001)*

6. The Complaint contains a stamp showing it was filed on February 21, 2025, at 5:27PM. Accordingly, the summons had to be issued before the end on February 26, 2025, to comply with the requirements of Rule 4(a).

7. The Plaintiff complied with Rule 3(a) by filing the Complaint, which was within the applicable Statute of Limitations, but failed to have a valid summons issued by the clerk within the time limits of Rule 4 (a). The effect of non-compliance is to discontinue the action until a proper summons is issued by the clerk. The summons was issued on March 6, 2025, but it was issued after the expiration of the Statute of Limitations. The act of issuing the summons after the expiration of the 5-day rule means the Plaintiff's action now has a commencement date of March 6, 2025. See *Rochelli v. Sperry, 57 N.C. App. 306 (1982)*

8. The civil action's commencement date of March 6, 2025, bars the Plaintiff's claim by the application of the Statute of Limitations which requires the action to be filed within three years of the date of the incident N.C.G.S 1-15.

9. Pursuant to N.C.R. Civ. 12(c), based solely on the pleading the defendant City of Charlotte is entitled to a judgment dismissing the Plaintiff's complaint with prejudice.

10. Pursuant to N.C.R. Civ. 12 (b) (2) the court lacks personal jurisdiction over the Defendant City of Charlotte.

11. Pursuant to N.C.R. Civ. 12 (b)(4) the process was insufficient to subject the defendant City of Charlotte to the jurisdiction of the Court.

12. The Plaintiff's claim against the Defendant City of Charlotte is barred by the Statute of Limitations.

Wherefore the Defendant City of Charlotte, based on the foregoing demands the Plaintiff's claim be dismissed with prejudice, the cost of this action be taxed to the Plaintiff and for whatever may be just and reasonable.

This 15th day of April 2025

                                          S/Robert D. McDonnell
                                          Attorney at Law
                                          1225 Biltmore Drive
                                          Charlotte N.C. 28207
                                          704 906 3628
                                          Robert@rdmcdonnelllaw.com
                                          NC Bar # 5035

Certificate of Service

This to certify the undersigned this day served this ANSWER properly addressed to the attorney for the Plaintiff via electronic mail. The undersigned further certifies copy of the Answer was deposited with sufficient postage in the US Mail addressed to the attorney for the Plaintiff as follows:

> Christina M. Mason
> The Payne Firm, P.C.
> 112 South Tryon Street, Suite 1560
> Charlotte, NC 28202
> cmason@paynelawfirm.com

This 15th day of April, 2025

> s/Robert D. McDonnell
> Robert McDonnell
> Attorney for the Defendants
> 1225 Biltmore Drive
> Charlotte NC 28207
> robert@rdmecdonnelllaw.com
> NC BAR 5035