STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG          FILE NO. 25CV009862-590

| | |
|---|---|
| ARLEE WALLACE ) | |
| ) | |
| Plaintiff, ) | AMENDED COMPLAINT and |
| v. ) | JURY DEMAND |
| ) | |
| SCHINDLER ELEVATOR ) | |
| CORPORATION, and ) | |
| ZURICH AMERICAN ) | |
| INSURANCE COMPANY ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiff ARLEE WALLACE, and files this Amended Complaint about SCHINDLER ELEVATOR CORPORATION, and ZURICH AMERICAN INSURANCE COMPANY hereinafter called "Defendants," who allege and say as follows:

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff, Arlee Wallace (hereinafter referred to as "Plaintiff"), is a resident of Crittenden County, Arkansas.

2. Defendant, Schindler Elevator Corporation (hereinafter referred to as "Defendant Schindler"), is a foreign, for-profit business incorporated in New Jersey, doing business in North Carolina. Defendant can be served with process via their registered agent, CT Corporation System, located at 1200 S. Pine Island Road, Plantation, Florida 33324.

3. Defendant, Zurich American Insurance Company (hereinafter referred to as Defendant Zurich"), is a foreign insurance company authorized to conduct business in North Carolina as an Insurance company, which may be served with process through the Insurance Commissioner of North Carolina and through their Attorney of Record.

4. At all times material to this lawsuit, and to the filing of this lawsuit, all or a substantial part of the events or omissions giving rise to this claim occurred in Mecklenburg County, therefore venue properly lies in Mecklenburg County, North Carolina.

5. Plaintiff is seeking damages in excess of twenty-five thousand dollars ($25,000); therefore, jurisdiction lies properly in this Court.

## FACTUAL ALLEGATIONS

6. On or about March 3, 2022, Plaintiff, Arlee Wallace, was a patron of Charlotte Douglas International Airport, owned and operated by City of Charlotte, on a moving walkway, manufactured and serviced by Defendant Schindler.

7. Plaintiff was standing still on said moving walkway when that walkway made a sudden jerking motion, throwing Plaintiff onto the moving floor.

8. The impact from the fall caused Plaintiff to briefly lose consciousness and become further injured by the walkway's continued automatic motion, following her fall.

9. The impact and fall caused Plaintiff injuries to her left arm and left shoulder, and Plaintiff was taken from the scene of the incident by ambulance to a nearby emergency room.

10. The failures of Defendant Schindler, as the manufacturers and servicers to inspect the moving walkway, to ensure the proper functioning of said equipment, and to sufficiently warn lawful visitors like Plaintiff of any reasonably foreseeable hidden or non-obvious dangers proximately caused the unfortunate situation in which Plaintiff was injured.

11. Defendant Schindler is insured by Defendant Zurich, doing business as Broadspire.

12. On or about September 13, 2024, Defendant Zurich's claim adjuster offered Plaintiff $15,000.00 to release all claims.

13. On or about September 25, 2024, Defendant Zurich's claim adjuster contacted Plaintiff's counsel and acknowledged that the claim had been reassigned to a different adjuster. During that conversation, Defendant Zurich's claim adjuster also stated its intention to engage in further negotiations. However, the adjuster simultaneously requested additional documentation that had already been submitted by Plaintiff's counsel, effectively undermining Plaintiff's good-faith efforts to finalize the claim.

14. From on or about November 6, 2024, through November 11, 2024, Defendant Zurich's claims adjuster willfully disregarded Plaintiff's attempts to secure a response. The adjuster remained unresponsive until November 6, 2024, at which point they finally communicated and confirmed that a settlement offer would be provided on November 11, 2024.

15. Despite Defendant Zurich's adjuster's representation that a settlement offer would be forthcoming on November 11, 2024, Plaintiff received no such offer until November 14, 2024. At that time, the adjuster retracted the previously communicated $15,000.00 offer and instead presented a dramatically reduced figure of $8,000.00, then returned the offer back to the original amount. This downward revision constitutes an unreasonable delay and lowball settlement tactic that undermines the duty of good faith and fair dealing implied in insurance contracts and may amount to bad faith claims handling.

16. Defendant Zurich's conduct in the claims process—characterized by repeated delays, failure to promptly respond to Plaintiff's counsel, and a reneged settlement offer—constitutes deceptive and unfair trade practices. These tactics improperly shifted bargaining

3

Case 3:25-cv-00556-MOC-SCR     Document 1-15     Filed 07/29/25     Page 3 of 8

leverage, misrepresented Defendant Zurich's willingness to settle, and obstructed resolution of the underlying claim arising from Defendant Schindler's insured loss.

## CLAIM FOR NEGLIGENCE AGAINST SCHINDLER ELEVATOR CORPORATION

17. Plaintiff incorporates by reference paragraphs 6-16 of this amended complaint as is fully set out herein.

18. At all times relevant to the occurrence in question, Defendant Schindler, was the manufacturer of the moving walkway on which Plaintiff was injured.

19. Defendant Schindler is also the servicer of the moving walkway in question, and as such, retains the ability to manage, control, and maintain the proper functioning of the aforementioned moving walkway.

20. Therefore, Defendant Schindler, owed certain duties to Plaintiff and Defendant Schindler breached those duties to Plaintiff and was negligent in one or more of the following ways:
    a. Failing to design a safe and non-injurious product;
    b. Failing to provide timely maintenance of their product;
    c. Failing to properly inspect their product; and
    d. Failing to ensure the proper functioning of their product

21. Defendant Schindler breached these duties without legal excuse and is therefore liable for the ensuing injuries to Plaintiff.

## CLAIM FOR PRODUCTS LIABILITY AGAINST SCHINDLER ELEVATOR CORPORATION

22. Plaintiff incorporates by reference paragraphs 6-21 of this amended complaint as is fully set out herein.

4

23. Plaintiff was putting to ordinary use Defendant Schindler Elevator Corporation's product, a moving walkway, at Charlotte Douglas International Airport when that walkway malfunctioned and jerked suddenly to a stop.

24. Under North Carolina law, a product defect may be inferred from evidence of a product's malfunction, when there is evidence that the product has been put to its ordinary use.

25. Defendant Schindler, as the manufacturer and servicer of the moving walkway that caused Plaintiff's injury, maintained control over the product in question, including at the time of Plaintiff's injuries.

26. Therefore, the moving walkway was defective at the time it left the control of the Defendant Schindler.

27. Defendant Schindler, as the manufacturer of the moving walkway in question, also had a duty to use reasonable care throughout the manufacturing process, including making sure that their product is free of any potential defects.

28. The clear malfunction of the moving walkway establishes Defendant Schindler's breach of that duty, which was the proximate cause of Plaintiff's severe injuries.

### **CLAIM FOR RES IPSA LOQUITUR AGAINST SCHINDLER ELEVATOR CORPORATION**

29. Plaintiff incorporates by reference paragraphs 6-28 of this amended complaint as is fully set out herein, and pleads the following additionally, and in the alternative, preserving all previously asserted rights and claims.

30. Plaintiff was injured by the malfunction of Defendant Schindler's moving walkway while she was putting it to its ordinary use at Charlotte Douglas International Airport.

5

31. Direct proof of the exact cause of the malfunction is unavailable, but malfunctions such as these, and the injuries caused to Plaintiff do not ordinarily occur without the presence of some negligent act or omission.

32. Defendant Schindler was the manufacturer and servicer of the moving walkway in question, establishing their control over the instrumentality involved in the accident.

33. Under the doctrine of res ipsa loquitur, these facts establish that Defendant Schindler as the party with control over the object that negligently caused Plaintiff's harm, is therefore liable for the injuries to Plaintiff

## **CLAIM FOR UNFAIR AND DECEPTIVE TRADE PRACTICES**

34. Plaintiff hereby incorporates by reference paragraphs 6 - 33 of this Amended Complaint, as though fully set forth herein, and asserts the following additional allegations, in the alternative, expressly reserving all previously asserted rights and claims.

35. As a direct and proximate result of the actions and omissions described above, Defendants Schindler Elevator Corporation and Zurich American Insurance Company have engaged in unfair and deceptive claim settlement practices in violation of North Carolina General Statutes § 58-63-15(11) and §75-1.1, *et seq*.

36. Defendants' violations include but are not limited to the following:

    a.  Not attempting in good faith to effectuate a fair and equitable settlement of Plaintiff's claim in which damages were made reasonably clear;

    b.  Compelling Plaintiff to institute litigation to recover reasonable amounts due for the incurred damages and loss;

    c.  Violating industry standards and established public policy in a manner that is immoral, unethical, oppressive, and substantially injurious to Plaintiff;

6

Case 3:25-cv-00556-MOC-SCR    Document 1-15    Filed 07/29/25    Page 6 of 8

     d.      Misrepresenting prior offers to Plaintiff relating to ability to negotiate to avoid frivolous litigation;

     e.      Engaging in such other unfair claims and settlement practice as may become apparent during discovery of this matter.

37. Upon information available and belief, Defendants Schindler Elevator Corporation and Zurich American Insurance Company engaged in the foregoing violations, or any of them set forth in the immediately preceding paragraphs.

38. Defendants' unfair and deceptive acts and practices effect commerce and proximately caused damage to Plaintiff.

## **DAMAGES**

39. As a direct and proximate result of the acts and omissions of Defendants, as set forth above, Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial, but currently believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

40. As a direct and proximate result of the acts and omissions of Defendants, as set forth above, Plaintiff has sustained and damages in an amount to be proven at trial, but currently believed to exceed Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully prays this Court grant the following relief:

1.     That the Plaintiff, Arlee Wallace, have and recover of the Defendants, Schindler Elevator Corporation and Zurich American Insurance Company, damages in excess of twenty-five thousand dollars ($25,000.00) for the severe injuries incurred by them.

2. That the cost of this action be taxed against Defendants.

3. For such other and further relief to which Plaintiff may be entitled, and which this Court deems just and proper.

This the 30th day of June 2025.

**THE PAYNE FIRM, P.C.**
*Attorney for Plaintiff*

By: /s/ *Christina M. Mason*
Christina M. Mason
North Carolina State Bar No. 60992
112 South Tryon Street Ste. 1560
Charlotte, NC 28202
704-529-9000 Telephone
704-900-6021 Facsimile